

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# USA v. Nalls

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Nalls" (2008). *2008 Decisions.* Paper 390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4518

———————

UNITED STATES OF AMERICA

v.

TERRANCE NALLS
a/k/a TERRANCE NOLLS
a/k/a TERRANCE KNOX

Terrance Nalls,

Appellant.

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-00073-1)
District Judge: Honorable Nora B. Fischer

———————

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before: FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 8, 2008)

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

After pleading guilty to one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Terrance Nalls was sentenced to 72 months in prison. He appeals his sentence, arguing that the District Court failed to complete its 18 U.S.C. § 3553(a) analysis when it did not specifically explain its refusal to grant a variance. We will affirm.

## I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

In 2006, Nalls and his brother were shot and injured by a group of unknown assailants. Approximately three weeks later, Nalls was arrested while driving with a firearm in the vicinity where he had been shot. Nalls pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The Presentence Investigation Report (PSR) yielded an advisory Guideline range of 70 to 87 months imprisonment. The parties agreed that a two-level enhancement for reckless endangerment was appropriate pursuant to U.S.S.G. § 2K2.1(b)(6), resulting in an adjusted Guidelines range of 84 to 105 months imprisonment. Nalls requested a downward departure pursuant to U.S.S.G. § 5K2.12 and a downward variance pursuant to 18 U.S.C. § 3553, arguing that self-preservation impelled him to carry the firearm after he had been shot. The District Court granted a two-level downward departure on the grounds of coercion and duress, but denied Nalls's request for a variance, which resulted

2

in a final adjusted Guidelines range of 70 to 87 months. The District Court then

sentenced Nalls to 72 months imprisonment.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have

jurisdiction to review the District Court's sentencing decision under 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a)(1).

It is axiomatic that district courts must apply 18 U.S.C. § 3553(a) to determine

whether a variance from the Guidelines is warranted. *See United States v. Gunter*, 462

F.3d 237, 247 (3d Cir. 2006). The sentencing judge must also "acknowledge and respond

to any properly presented sentencing argument which has colorable legal merit and a

factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). Nalls argues

that the District Court erred by failing to consider the specific basis for which he

requested a downward variance. The record does not support this argument.

First, the District Court considered and responded to Nalls's argument in favor of a

downward variance. The District Court stated:

> Now, as to your request for a variance under 3553(a), **the Court considered the facts and circumstances, as well as the prior facts and circumstances precipitating your arrest on February 16; namely, the shooting incident**. The court found credible your statements that you acted and committed the instant offense based on coercion and duress and the Court found credible the fact that you had sustained critical injuries. And the Court does find it very credible that you acted out of fear for your life. But, in addition, the Court had to look at everything else that went on there and I had to weigh your past history and conduct against what happened on this particular evening.
>
> . . .

3

So **after a review of all the facts and circumstances**, after hearing the testimony today, the argument here today, I looked at the seriousness of the offense, I looked at the deterrence, I looked at protecting the public, I looked at the sentences available, I looked at what had happened to others, such as yourself, charged with similar conduct and, for all of those reasons, came down to the sentence that I have imposed.

App. 244-45 (emphasis added). While specifically discussing the variance, the District Court stated that it credited the argument advanced by Nalls, but that countervailing considerations under § 3553(a) led the court to the sentence that it imposed. This explanation is sufficient to show that the District Court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

Furthermore, the District Court discussed the shooting incident at length only minutes before denying Nalls's request for a variance. Nalls argues that this discussion was insufficient because it occurred while the District Court was considering the downward departure. However, "we will not elevate form over substance" when reviewing sentencing decisions. *United States v. Dragon,* 471 F.3d 501, 506 (3d Cir. 2006). Consequently, we will not require district courts to address the § 3553(a) factors during specified times during a sentencing hearing. Rather, we will look at the entire sentencing hearing to ascertain whether the sentencing judge gave meaningful consideration to the § 3553(a) factors. On the record, it is clear that the District Court did just that.

**III.**

4

The District Court adequately considered all the relevant 18 U.S.C. § 3553(a) factors, including the duress and coercion arguments advanced by Nalls. Accordingly, the District Court did not commit procedural error in denying Nalls's request for a variance. Therefore, we will affirm the judgment of the District Court.